IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| v.  : | Criminal Action No.: 06-66-SLR |
| RICHARD O. TOLSON, : | |
| Defendant. : | |

**DEFENDANT'S PRETRIAL MOTION TO SUPPRESS EVIDENCE**

Defendant, Richard O. Tolson, by and through his counsel, Christopher S. Koyste, hereby moves the Court, pursuant to Fed. R. Crim. P. 12 (b)(3), and the Fourth Amendment to the United States Constitution, to suppress as evidence against him all evidence that was obtained after the stop of an automobile in which Mr. Tolson was a passenger.

In support of this motion the Mr. Tolson submits the following:

1.　　On April 8, 2006, at approximately 10:52 p.m., Corporal Digirolomo and Private Sealund of the Dover Police Department conducted a traffic stop of a GMC Jimmy automobile in the area of North Little Creek Road and Fox Road in Dover, Delaware. In the police report prepared after the stop, Private Sealund explained that the "officers observed a teal in color GMC Jimmy ... for a DUI investigation," and stopped the vehicle. In the vehicle were the driver and Mr. Tolson. Corporal Digirolomo approached the vehicle and stated that he smelled the odor of an alcoholic beverage on the driver's breath. The driver was asked to exit the vehicle and was placed in custody because he was allegedly driving with a suspended license and had open capiases on his record.

2.      Corporal Digirolomo next approached Mr. Tolson, and claims that he observed a white powder on Mr. Tolson's pants and a plastic baggie on the floor of the automobile near Mr. Tolson's feet. Corporal Digirolomo asked Mr. Tolson to step out of the automobile and searched him, finding a .38 caliber revolver in his jacket pocket.

3.      The Fourth Amendment of the United States Constitution guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Whren v. United States, 517 U.S. 806, 809 (1996). "Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of this provision." Id. (citing Delaware v. Prouse, 440 U.S. 648, 653 (1979)). Thus, an automobile stop is a seizure which must not be "'unreasonable' under the circumstances," and, "[a]s a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren, 517 U.S. at 810 (citing Prouse, 440 U.S. at 659). The Defense asserts that the Dover Police Officers lacked probable cause to perform a traffic stop of the subject GMC Jimmy in which Mr. Tolson was a passenger.

4.      Because the police obtained the revolver as a result of their illegal stop of the vehicle, this Court should suppress it as the fruit of the poisonous tree. See Wong Sun v. United States, 371 U.S. 471, 487-488 (1963).

**WHEREFORE**, Mr. Tolson respectfully requests an evidentiary hearing on this motion and an opportunity to support this motion by briefing after the hearing. Thereafter, Mr. Tolson requests that this Court issue an order suppressing the noted evidence.

                                            /s/
Christopher S. Koyste, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware  19801
Email: ecf_ck@msn.com
Attorney for Defendant Tolson

DATED: December 1, 2006

## **CERTIFICATE OF SERVICE**

Undersigned counsel certifies that this Motion to Suppress Evidence is available for public viewing and downloading and was electronically delivered on December 1, 2006 to:

Edmond Falgowski, Esq.
Assistant United States Attorney
1007 Orange Street, Suite 700
Wilmington, Delaware 19801

/s/
CHRISTOPHER S. KOYSTE, ESQUIRE
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware 19801
Attorney for Defendant Tolson