AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

_____ District of _____ Delaware _____

UNITED STATES OF AMERICA

V.

Richard Tolson
_Defendant_

**ORDER OF DETENTION PENDING TRIAL**

Case  CR06-66-SLR.

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed    that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
for which a maximum term of imprisonment of ten years or more is prescribed in _____.
☐ under 18 U.S.C. § 924(c).

- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- X (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____
_____

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by          clear and convincing evidence     a preponderance of the evidence: As a result of a hearing on November 1, 2006, the court found that defendant was a risk of non-appearance and a danger to the community and ordered detention on the following bases:

1. Although defendant initially was willing to provide information to Pretrial Services, during the interview he declined to do so. However, at the hearing he suddenly was willing to provide all sorts of information which could not be confirmed because of the timing. Although the court recognizes that defendant has the right to decline an interview, the court does not appreciate having certain information suddenly dumped on it during a hearing when the ability to confirm the "new" information is non-existant.
2. the evidence against defendant was substantial and the nature of the charges, possession of a firearm by a felon is a serious offense.
3. At best, defendant's work history can be described as "sporadic." He has lived with a friend for a number of years and thus does not have the need to support himself. Although reporting that he was employed by a Mr. Landry, it was confirmed that this employee is a guy from the neighborhood and defendant could not provide any contact information. The only other employment reported by defendant was working for Boscov's
sometime in 2004-2005 for about 7 months.
4. Defendant supposedly received (voluntarily) substance abuse treatment at Greentree and was unsuccessfully discharged from that facility because of his incarceration. He was also treated at Crest. Defendant denied abusing drug substances, but confirmed a problem with alcohol and marijuana.
5. Defendant's criminal history reveals a conviction for trafficking on cocaine in 1999 for which he received 3 years imprisonment and 3 years probation. By May 2002 he violated probation and violated again in October 2002 and his probation was revoked. It was then he received treatment through the Crest Program.

FILED
JAN 3 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Case 1:06-cr-00066-SLR    Document 16    Filed 01/03/2007    Page 2 of 2

AO 472 (Rev. 3/86) Order of Detention Pending Trial

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

January 2, 2007
Date

Signature of Judicial Officer
Mary Pat Thynge, Magistrate Judge
Name and Title of Judicial Officer

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).